UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALDINE BELL,

       Plaintiff,                      CIVIL ACTION NO. 06-14052

      v.                              DISTRICT JUDGE PAUL V. GADOLA

AMERITECH SICKNESS AND        MAGISTRATE JUDGE VIRGINIA MORGAN
ACCIDENT DISABILITY
BENEFIT PLAN

       Defendant.
_____/

## **OPINION**

This matter is before the court on plaintiff's Motion to Compel Discovery and to Supplement the Record in this action filed pursuant to the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1132(a)(1)(B). Defendant opposes the motion. For the reasons discussed in this Opinion and as stated in the related Order of this date, IT IS ORDERED that the motion IS GRANTED in part.

Plaintiff, an employee of Ameritech, was eligible for benefits under a short term accident and disability plan (the Plan). Plaintiff received benefits beginning from April 2005 through June 2005 as a result of injuries she received in a motor vehicle accident. Benefits were terminated based on the Plan's determination that plaintiff's medical records did not support a finding that she was still "disabled." Plaintiff alleges that the determination to deny her benefits

was arbitrary and capricious. See, <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101, 115 (1989)(arbitrary and capricious standard of review where Plan administrator has discretion). Plaintiff subsequently returned to work. After she returned to work, "it was determined" according to defendant (it is unclear how or who made this determination) that "due to a clerical error" plaintiff was overpaid during the time she was on disability. The Plan recovered the overpayments by payroll deductions.

Plaintiff seeks certain discovery and supplementation of the administrative record. Defendant has agreed to supplement the Administrative Record with a copy of the Plan. (Brief 3) Plaintiff also seeks information regarding (1) the amount she was paid and how much was overpaid; (2) procedures applicable to the third party reviewer; and (3) discovery regarding possible conflicts of interest.

Adjudication of an ERISA action for benefits, brought under 29 U.S.C. § 1132(a)(1)(B) is limited to the evidence before the Plan administrator at the time of its decision. See, <u>Wilkins v. Baptist Healthcare System Inc</u>. 150 F.3d 609, 617-19 (6th Cir. 1998). An administrator's conflict of interest does not alter the standard of review; rather, the court should take that conflict into account when determining whether the administrator's decision was arbitrary and capricious. <u>Peruzzi v. Summa Medical Plan</u>, 137 F.3d 431, 433 (6th Cir. 1998). The court must uphold the determination if it is the result of deliberate, principled reasoning process and if it is supported by substantial evidence. <u>Baker v. United Mine Workers of America Health and Retirement Funds</u>, 929 F.2d 1140, 1144 (6th Cir. 1991). Some courts have found that where the

defendant was both the insurer and the Plan administrator, it has a conflict of interest. See, Buchanan v. Aetna Life Ins. Co., 2006 WL 1208069 (6th Cir. 2006)(unpublished).

Defendant has fiduciary obligations under the terms of ERISA. The duties of a fiduciary are set forth in ERISA §404(a)(1), which instructs that a "fiduciary shall discharge his duties with respect to a Plan solely in the interest of the participants and beneficiaries and . . . with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. . .." 29 U.S.C. § 1104(a)(10(B). In Mertens v. Hewitt Associates, 508 U.S. 248, 262 (1993), the United States Supreme Court elaborated on the duties, saying that "fiduciaries are assigned a number of detailed duties and responsibilities, which include the proper management, administration, and investment of [Plan] assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest." 508 U.S. at 251-252, quoting Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142-143 (1985). Subsequently, the Court also held: "There is more to Plan (or trust) administration than simply complying with the specific duties imposed by the Plan documents or statutory regime; it also includes the activities that are "ordinary and natural means of achieving the objective of the Plan." Varity Corp. v. Howe, 516 U.S. 489, 504 (1996) (citing Bogert & Bogert, Law of Trust and Trustees § 551 at 41-52).

*1. The amount of benefits to plaintiff and how much was overpaid.*

Plaintiff seeks information and administrative documents from the Plan relevant to the repayment of the alleged overpayments. Defendants contends that this is not relevant and that

plaintiff could get the information from Human Resources and that it is not part of the Administrative Record that he has. Plaintiff's counsel has requested the information in order to evaluate the case and to ensure that he has the entire administrative record. Plaintiff's request is granted.

Plaintiff contends that after she returned to work, payroll deductions were taken from her paycheck to repay the Plan for alleged clerical errors resulting in overpayments to her. The manner and method of this transaction is not at all clear, but it seems logical that the explanation for how and why this occurred would be part of her administrative record.

In addition, under Supreme Court and Sixth Circuit law, the recoupment of overpayments may be in and of itself a violation of ERISA, depending on the facts and circumstances of the case. Succinctly, such recovery is legal, not equitable relief, and is barred by ERISA. See, Buchanan v. Aetna Life Insurance, 2006 WL 1208069 (6th Cir. 2006)(unpublished). In that case, plaintiff received SSDI funds (supplemental security disability income) in addition to his benefits from Aetna's ERISA Plan. Aetna was entitled to be reimbursed for the overpayments according to the terms of the Plan. However, the law did not provide Aetna with a remedy. The Sixth Circuit, relying on the Supreme Court's decision in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204 (2002) and its own decision in Qualchoice, Inc. v. Rowland, 367 F.3d 638 (6th Cir. 2004), cert. denied, 544 U.S. 942 (2005), found that Aetna was prohibited from recovering the overpayments.

In Knudson, the Supreme Court reasoned that while ERISA provides a participant, beneficiary, or fiduciary the opportunity to obtain an injunction or other equitable relief, the term

"equitable relief" refers to the categories of relief typically available in equity. 534 U.S. at 209-210. The Court further explained that not all forms of restitution were available in equity and that "a plaintiff could seek restitution in equity. . where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. at 213.

The Sixth Circuit in Buchanan continued: "The money Aetna claims it overpaid to Buchanan is not clearly traceable to particular funds in his possession. Although Aetna characterizes its claim as one for unjust enrichment, it actually seeks "legal relief–the imposition of personal liability . . for a contractual obligation to pay money." 179 Fed Appx 304, 308-309, citing Knudson at 213. "As we held in Qualchoice, 'a Plan fiduciary's action to enforce a Plan-reimbursement provision is a legal action,' which 29 U.S.C. 1132(a)(3) does not authorize. Qualchoice, 367 F.3d at 650." Id. at 309. Clearly, payroll deductions for wages earned upon return to employment does not seek to recover particular overpayment funds in plaintiff possession.

The requested information is relevant and must be produced.

*2. The procedures applicable to the third party reviewer.*

Plaintiff seeks to include in the Administrative Record the policies and procedures of Network Medical Review Company (NMR) and its affiliate Insurance Appeals, LTD (IA). He cites to the website of the entities which describe their procedures. Defendant opposes the motion arguing that the decision to terminate benefits was made by a committee, not the third party reviewer. . .although also arguing that no doctors were on the committee which is why they

used a medical reviewer in the first instance, that the website is not authenticated, and are not relevant.  As noted above, adjudication of an ERISA action for benefits is limited to the evidence before the Plan administrator at the time of its decision.  See, <u>Wilkins v. Baptist Healthcare System, Inc</u>. 150 F.3d 609, 617-19 (6th Cir. 1998).  While the website may not have been before the administrator, the contractual arrangements and the duties delegated to NMR and IA were clearly so.  They, like the Plan itself, are part and parcel of the reasoning and evidence and form the procedures to be applied and considered in making the benefits determination.  According to the website, NMR prides itself on contacting the treating physicians, explaining why such contact is important, and states: "Physician to physician contact has become the final step in providing closure to a file review."  Plaintiff alleges that no such procedures where followed here, her physician was never contacted, and instead her claim was denied because she failed to present "sufficient medical evidence."

This circuit and others have recognized a limited right to discovery in ERISA cases when plaintiff challenges the procedure used to reach a benefits decision or asserts bias on the part of the Plan administrator.  See, <u>Calvert v. Firstar Finance, Inc.</u>, 409 F.3d 286, 293 n.2 (6th Cir. 2005); <u>Orndorf v. Paul Revere Life Ins. Co.</u>, 404 F.3d 510, 520 (1st Cir. 2005).  This is such a case.  The Plan's procedures would be part of the administrative record.  The Plan cannot avoid its obligation to follow such procedures by contracting out to a third party its fiduciary obligations to evaluate plaintiff's claims.

The documents describing the contractual obligations of NMR and IA must be provided as a supplement to the administrative record.

*3. Discovery regarding possible conflicts of interest.*

Plaintiff seeks discovery on possible conflicts of interest. This request is denied. At this point, it appears to be a fishing expedition. There is no indication that a conflict of interest affected any outcome with respect to the claim for benefits. It should be noted that this case deals only with a claim for short term benefits, it is not a large amount and not likely to have an impact on any party's "bottom line." To the extent that the obligations and contractual payment structure is disclosed in the documents ordered produced in Issue #2, plaintiff's counsel may have sufficient information to make his argument or grounds to renew his request.

Accordingly, discovery is ordered as set forth in the order entered this date.

> s/Virginia M. Morgan
> Virginia M. Morgan
> United States Magistrate Judge

Dated: June 5, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 5, 2007.

> s/Jane Johnson
> Case Manager to
> Magistrate Judge Virginia M. Morgan