UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALDINE BELL,

                              Plaintiff,

                                          CIVIL CASE NO. 06-14052

v.

AMERITECH SICKNESS AND ACCIDENT                HONORABLE PAUL V. GADOLA
DISABILITY BENEFIT PLAN,                       U.S. DISTRICT COURT

                              Defendant.
_____/

## ORDER ON OBJECTIONS TO MAGISTRATE JUDGE'S ORDER

Before the Court are Plaintiff's and Defendant's objections to Magistrate Judge Virginia M.

Morgan's order issued on June 5, 2007. The Magistrate Judge's June 5, 2007 order granted in part

Plaintiff's motion to compel discovery and to supplement the record. Both Plaintiff and Defendant

filed timely objections to the Magistrate Judge's order.

## I.     Legal Standard

Nondispositive orders, such as Magistrate Judge Morgan's order granting in part Plaintiff's

motion to compel discovery and to supplement the record, are governed by the terms of 28 U.S.C.

§ 636(b)(1)(A). This section states: "A judge of the court may reconsider any pretrial matter under

this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous

or contrary to law." 28 U.S.C. § 636(b)(1)(A). Rule 72(a) of the Federal Rules of Civil Procedure

further provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a
> magistrate judge to hear and decide, the magistrate judge must promptly conduct the
> required proceedings and, when appropriate, issue a written order stating the decision. A
> party may serve and file objections to the order within 10 days after being served with a
> copy. A party may not assign as error a defect in the order not timely objected to. The

district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a).

Here, Magistrate Judge Morgan's order is not dispositive of the claim, and thus, this Court reviews the order to determine whether any portion of the order objected to by the parties is "clearly erroneous" or "contrary to law." *Id.* "According to the Supreme Court and the United States Court of Appeals for the Sixth Circuit, '[a] finding is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (Gadola, J.) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 398 (1948); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

## II.     Analysis

The Magistrate Judge made three rulings on Plaintiff's motion.  First, the Magistrate Judge ruled that certain information related to Plaintiff's benefits is relevant and must be produced by Defendant as part of discovery.  Second, the Magistrate Judge ruled that Defendant had to turn over the contractual obligations of Network Medical Review Company ("NMR") and its affiliate, Insurance Appeals, LTD ("IA") as a supplement to the administrative record.  Third, the Magistrate Judge denied Plaintiff's request for discovery on possible conflicts of interest, finding that this request appeared to be a fishing expedition.  Both parties made objections to the rulings of the Magistrate Judge, and this Court will consider each ruling in turn.

### A.     Information About Plaintiff's Benefits

In her motion to compel, Plaintiff initially requested all documents relevant to a

determination of the amount of benefits owing to Plaintiff, both the amount of benefits already paid and the amount of benefits reimbursed by Plaintiff through payroll deductions. In Plaintiff's objections, Plaintiff claims that the Magistrate Judge only granted the latter half of Plaintiff's request, namely documents related to the amount of benefits reimbursed by Plaintiff through payroll deductions. Plaintiff then argues that it is entitled to obtain documents related to the amount of benefits paid to Plaintiff, which is the first half of Plaintiff's request. It is unclear whether the Magistrate Judge, in her order, intended to refuse Plaintiff's request for information on the amount of benefits already paid to Plaintiff; it could be argued that the Magistrate Judge's order recognizes that Plaintiff's entire request for documents on benefits paid is reasonable and should be granted. Regardless of what the Magistrate Judge intended in her order, this Court finds that Plaintiff is entitled to obtain all information related to a determination of the amount of benefits owing to Plaintiff, information on both the amount of benefits already paid and the amount of benefits reimbursed by Plaintiff through payroll deductions. Consequently, Plaintiff's objections are sustained with regard to this particular issue.

Defendant objected to dicta from a portion of the Magistrate Judge's order. Since this portion objected to by Defendant was merely dicta, the Court does not find any merit in accepting Defendant's objection and vacating the particular portion of the Magistrate Judge's order. Accordingly, the Court overrules Defendant's objection.

### B. Procedures Applicable to the Third Party Reviewer

The Magistrate Judge granted Plaintiff's request to obtain documents describing the contractual obligations of Network Medical Review Company ("NMR") and its affiliate, Insurance Appeals, LTD ("IA"). Defendant objected to this portion of the Magistrate Judge's order, arguing

that there was no factual or legal basis for ordering Defendant to produce these documents to Plaintiff.

After a review of the Magistrate Judge's ruling, the Court finds that the ruling is not clearly erroneous nor contrary to law. Plaintiff has challenged the procedures used by Defendant to reach a benefits decision. NMR and IA were used by Defendant as part of these procedures to determine Plaintiff's benefits. The nature of the obligations of NMR and IA is therefore relevant to Plaintiff's inquiry. Accordingly, Defendant's objections on this issue are overruled, and the documents describing the contractual obligations on NMR and IA must be supplemented to the administrative record.

### C. Discovery Regarding Possible Conflicts of Interest

The Magistrate Judge denied Plaintiff's request for discovery on possible conflicts of interest. The Magistrate Judge stated that at this time, Plaintiff's request appears to be a fishing expedition. Plaintiff filed objections to this portion of the order. After a review of the objections, the Court finds that the Magistrate Judge's ruling cannot be said to be clearly erroneous or contrary to law. Accordingly, Plaintiff's objections to this part of the Magistrate Judge's order are overruled.

### III. Conclusion

In conclusion, the Court finds that Magistrate Judge Morgan's order is not clearly erroneous or contrary to law. The Magistrate Judge's order is modified only insofar as Plaintiff is entitled to obtain all documents relevant to a determination of the amount of benefits owing to Plaintiff, including documents on the amount of benefits already paid to Plaintiff.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's objections to the Magistrate Judge's order [docket entry #22] are **OVERRULED IN PART AND SUSTAINED IN**

**PART**.

**IT IS FURTHER ORDERED** that Defendant's objections to the Magistrate Judge's order [docket entry #21] are **OVERRULED**.

Up until now, the time for filing motions for judgment upon the administrative record has been extended by a stipulated order issued on June 28, 2007. Since the objections to the Magistrate Judge's order are now resolved, **IT IS ORDERED** that the parties shall have **sixty (60) days** from the date of this order to file motions for judgment upon the administrative record.

**SO ORDERED**.

Dated:   February 8, 2008                               s/Paul V. Gadola
                                                        HONORABLE PAUL V. GADOLA
                                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   February 8, 2008   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
    Lawrence J. Breskin; Albert Calille; Richard G.Finch                , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____.

                                        s/Ruth A. Brissaud
                                        Ruth A. Brissaud, Case Manager
                                        (810) 341-7845