UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALDINE BELL,

                      Plaintiff,

v.                                    CIVIL CASE NO. 06-14052

AMERITECH SICKNESS AND        HONORABLE STEPHEN J. MURPHY, III
ACCIDENT DISABILITY BENEFIT
PLAN,

                      Defendant.
_____/

## ORDER ACCEPTING AND ADOPTING THE REPORT AND RECOMMENDATION

      In this ERISA suit, the plaintiff is challenging the denial of six weeks of short term disability benefits.  Currently pending before the Court are the parties' cross-motions for judgment, which were referred to Magistrate Judge Virginia Morgan for a Report and Recommendation.  The magistrate judge issued her Report and Recommendation, recommending that the defendant's motion be granted, that the plaintiff's motion be denied, and that the decision denying the benefits be affirmed.  After the magistrate judge served the Report and Recommendation on the parties and notified the parties that any objections must be filed within ten days of service, the plaintiff filed timely objections.  For the reasons stated below, the Court overrules the plaintiff's objections and adopts the magistrate judge's Report and Recommendation.

      The Court's standard of review for a magistrate judge's Report and Recommendation depends upon whether a party files objections.  If a party objects to portions of the Report and Recommendation, the Court reviews those portions de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  De novo review in these circumstances

requires at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's Report and Recommendation.  *See* 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 3070.2 (1997); *see also Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).  After reviewing the evidence, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).  In this case, the plaintiff has filed objections to the magistrate judge's Report and Recommendation.  Accordingly, the Court has conducted a de novo review of the record.

In this case, the defendant made a decision to deny the plaintiff certain short-term disability benefits.  Following a car accident, the plaintiff received short-term disability benefits from April 13, 2005 to June 12, 2005.  The plaintiff returned to work on August 30, 2005.  The defendant decided to deny benefits for the time period from June 13, 2005 to August 29, 2005.  The plaintiff argues that this decision was arbitrary and capricious and that it should be overturned.

The parties agree that the defendant, as the plan administrator, has the discretionary authority to determine eligibility of benefits under the plan.  The parties also agree that the standard of review for this Court when considering the decision of a plan administrator is whether the decision was arbitrary and capricious.  In reviewing the final decision of the plan administrator, the Court must consider only the evidence presented in the administrative record.  *Wilkins v. Baptist Healthcare Sys.*, 150 F.3d 609, 619 (6th Cir. 1998). The Court has reviewed the administrative record and cannot conclude that the final decision was arbitrary and capricious.  The plan's experts examined all the documentation presented by the plaintiff.  Though there were some conclusions by the plaintiff's physicians

2

that the plaintiff was "totally disabled," the objective medical documentation did not necessarily support that conclusion. The objective medical documentation did indicate that the plaintiff could not perform certain functions, such as lifting. However, this documentation did not show that the plaintiff could not perform those actions which were functions of the plaintiff's sedentary job. Based on the objective medical documentation presented in the administrative record, the conclusion arrived at by the defendant's experts, namely that the plaintiff was not disabled within the meaning of the plan, is not on its face arbitrary or capricious. The plaintiff's arguments to the contrary, namely that the defendant's experts arbitrarily disregarded the diagnoses of the plaintiff's physicians and that the defendant arbitrarily failed to inform the plaintiff of additional information require for an assessment of the plaintiff's condition, are unpersuasive. In short, there is sufficient evidence in the administrative record to support the final decision of the defendant, and the Court must defer to the judgment of the plan administrator. The plaintiff's objections to the Report and Recommendation are thus overruled.

Also before this Court are objections filed by both parties regarding a November 21, 2008 order issued by the magistrate judge granting sanctions. The magistrate judge determined that the defendant had failed to comply with a discovery order when the defendant neglected to turn over documents related to the contractual obligations of NMR and IA, contrary to the clear order of the Court. As a consequence, the magistrate judge ordered that the defendant was required "to pay $2,000.00 (estimated 10 hours at $200/hour) to the plaintiff's counsel to defray the costs of the plaintiff's attorney's fee for filing and arguing the instant motion and activities related to plaintiff's counsel's attempt to obtain the documents." Magistrate Judge's Order Granting Sanctions, docket entry #45

3

(Nov. 21, 2008).

Both parties files objections to this order. The defendant objected to the sanctions, arguing first that it fully complied with the discovery order and, second, that the documents at issue were not relevant or material since the magistrate judge had ruled on the merits of the underlying claims in the defendant's favor.

The plaintiff objected to these sanctions, arguing, in short, that the requested documents falling outside of the administrative record give support to the contention that the defendant acted arbitrarily and capriciously in denying the plaintiff benefits. The plaintiff argued that the proper remedy for the defendant's violation of the discovery order is that the Court treat certain propositions as true, including the proposition that the defendant arbitrarily credited NMR's doctors and discredited the plaintiff's treating physicians.

The Court has reviewed the magistrate judge's order and the objections and other briefs filed by the parties. After such review, the Court finds that both sets of objections are without merit and that the magistrate judge's decision is sound and correct.

First, it is undoubtedly clear that the defendant was ordered to provide certain documents as a supplement to the administrative record and that the defendant failed to comply with this order. The Referral Form provided by the defendant does not satisfy the defendant's obligation under the Court's order. While it is true that the documents ultimately do not affect the Court's decision on the ultimate disposition of this case, the defendant still violated Federal Rule of Civil Procedure 37, leading to unnecessary expenses by the plaintiff. As the magistrate judge ruled, sanctions in the amount of $2000.00 is appropriate and reasonable in order to defray costs expended by the plaintiff. *See* Fed. R. Civ. P. 37(b)(2)(C). The defendant's objections to the magistrate judge's order

on sanctions are thus overruled.

The Court also overrules the plaintiff's objections to the order on sanctions. As discussed above, the ultimate disposition of this case depends on the administrative record. A review of the administrative record indicates that it is sufficient to support a finding by the defendant's experts that the plaintiff was not disabled under the terms of the plan. Therefore, the decision to deny benefits was not arbitrary nor capricious. Granting the plaintiff's objections regarding documents outside the administrative record will not change the ultimate disposition of this case. Accordingly, the plaintiff's objections to the magistrate judge's order on sanctions are overruled.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the defendant's objections [docket entry #47] and the plaintiff's objections [docket entry #53] to the magistrate judge's November 21, 2008 order granting sanctions are **OVERRULED**.

**IT IS FURTHER ORDERED** that the plaintiff's objections [docket entry #48] to the Report and Recommendation are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation [docket entry #46] is **ADOPTED and ACCEPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that the plaintiff's motion for judgment [docket entry #33] is **DENIED** and the defendant's motion for judgment [docket entry #32] is **GRANTED**.

**IT IS FURTHER ORDERED** that the decision denying benefits is **AFFIRMED**.

**IT IS FURTHER ORDERED** that the plaintiff's claims are **DISMISSED**.

**SO ORDERED.**

        s/Stephen J. Murphy, III
        STEPHEN J. MURPHY, III
        United States District Judge

Dated:  March 30, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2009, by electronic and/or ordinary mail.

        s/Alissa Greer
        Case Manager